UNITED STATES DISTRICT COURT        O
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **MARIA LYDIA ROBLES**, *et al*., § | |
|     Plaintiffs, § | |
| VS. § | **CIVIL ACTION NO. L-08-122** |
| § | |
| **USA TRUCK, INC. and Robert Lee Rau,** § | |
|     Defendants. § | |

**ORDER**

Pending before the Court is Defendant's Motion to Dismiss or Transfer Venue pursuant to 28 U.S.C. § 1406(a) or in the alternative 28 U.S.C. § 1404(a), [Dkt. No. 14],[1] and Plaintiff's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a). [Dkt. No. 19]. The Court **DENIES** Plaintiff's Motion to Transfer Venue and **GRANTS** in part and **DENIES** in part Defendant's Motion. The Court **ORDERS** the above-styled cause of action transferred to the Eastern District of Arkansas, Little Rock Division.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

This cause of action stems from a tractor-trailer accident that occurred at a Pilot Travel Center in Benton, Saline County, Arkansas on August 3, 2006. Two years after the accident, on August 4, 2008, Plaintiffs Robles and Martinez sued Defendants Rau and USA Truck in the 111th Judicial District Court, Webb County, Texas. [Dkt. No. 9, Attach. 1: Pl.'s Pet.]. Plaintiffs asserted causes of action under Texas Law for negligence against Rau, and negligent entrustment, negligent hiring, and respondeat superior against USA Trucks, Inc. [*Id.*, Attach. 1: Pl's Pet. at ¶¶ 6-9]. Defendant USA Truck denied these allegations and asserted the affirmative

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing.

defense that Plaintiff Robles was negligent, and the proximate/producing cause of the accident, among other assertions. [*Id.*, Attach. 6: Answer at ¶¶ 9-14].[2]

On September 15, 2008, Defendant USA Truck, Inc. filed a notice of removal to this Court, invoking diversity jurisdiction between parties under 28 U.S.C. § 1332(a). [Dkt. No. 1 at ¶ 4; *see also* Dkt. No. 12]. According to the notice, both Robles and Martinez reside in Eagle Pass, Maverick County, Texas. Defendant Rau is alleged to be a resident of Oklahoma but has never been served. Defendant USA Truck is a corporation organized under the laws of Arkansas, domiciled in Arkansas with its principal place of business in Van Buren, Arkansas. [Dkt. No. 1 at ¶ 4].

In reviewing the notice of removal, the Court became concerned whether the Southern District of Texas, Laredo Division was the most convenient venue and would best serve the interests of justice. [*See* Dkt. No. 13]. The Court identified the Eastern District of Arkansas, Little Rock Division as an alternative district court that had jurisdiction and venue. [*Id.* at 4-5]. The Little Rock Division encompassed the site of the accident. [*Id.* at 6]. The Court also speculated that the Little Rock Division would be more convenient for third-party witnesses, would have a greater public interest in trying the case, and would be more familiar with the Arkansas law that would govern this case. [*Id.* at 6-7]. Therefore, on January 15, 2009, the Court issued an Order to Show Cause why the Court should not transfer this case to the Eastern District of Arkansas, Little Rock Division. [*Id.*].

In response to the Court's Order, Defendant USA Truck filed a "Motion to Dismiss for Improper Venue; or in the Alternative, to Transfer for Improper Venue (28 U.S.C. § 1406(a)); or in the Alternative to Transfer for Convenience (28 U.S.C. § 1404(a))" and a "Response to the

---

[2] The full title of Dkt. No. 9, Attach. 6 is "Defendants' Motion to Transfer Venue and subject to the Motion to Transfer, Original Answer." The Court will refer to this attachment as "Answer" or "Motion to Transfer Venue" depending upon which part of the attachment is at issue.

Order to Show Cause." [Dkt Nos. 14, 15]. Plaintiffs Maria Robles ("Robles") and Juan A. Martinez ("Martinez") also filed a "Response to the Order to Show Cause" opposing transfer. [Dkt. No. 16]. Defendants then issued a reply, [Dkt. No. 17], to which Plaintiffs responded. [Dkt. No. 18] and separately filed a Motion to Transfer Venue to the 111th Judicial District, Webb County, Laredo, Texas under 28 U.S.C. § 1404(a). [Dkt. No. 19]. Defendant responded. [Dkt. Nos. 21, 22]. The Court takes up all of these filings in this motion. The Court first looks at whether this cause of action should be transferred or dismissed under 28 U.S.C. 1406(a) and then analyzes whether it should be transferred under 28 U.S.C. § 1404(a).

## II.   DISCUSSION

### A.   Transfer or Dismissal under 28 U.S.C 1406(a)

Defendant USA Truck asks the Court to transfer or dismiss this cause of action pursuant to 28 U.S.C. § 1406(a). [Dkt. No. 14]. Section 1406(a) provides for the transfer or dismissal of a case "laying venue in the wrong division or district." 28 U.S.C. § 1406(a). USA Truck argues that this Court does not have venue because the action, when originally filed lacked proper venue under Texas law. [Dkt. No. 14, Dkt. No. 15 at 5-6]. In response, Plaintiffs contend that venue was properly laid in the 111th District Court, Webb County, Texas pursuant to Texas Civil Practice and Remedies Code § 15.002(a)(3). [Dkt. Nos. 16, 18].

Section 15.002(a)(3) states that a lawsuit may be brought "in the county of the defendant's principal office in this state, if the defendant is not a natural person . . ." TEX. CIV. PRAC. & REM. CODE § 15.002(a)(3)(Vernon Supp. 2008); *see also In re Missouri Pacific R.R. Co.*, 998 S.W.2d 212, 220 (Tex. 1999) (interpreting Texas venue statutes). A principal office is the "office of the corporation . . . in which the decision makers for the organization within this state conduct the daily affairs of the organization." *See id.* § 15.001(a). Plaintiffs aver that USA

Truck's principal office in Texas is a freight terminal in Laredo, Webb County, Texas. [Dkt. No. 16 at 4]. Plaintiffs point to Defendant's website that lists a terminal in Laredo, Texas and includes the language that "We also transport general commodities into and out of Mexico by allowing through-trailer service from our terminal in Laredo." [Dkt. No. 16 at 4]. Defendant, however, avers that it does not have a principal office in Laredo, Texas. Defendant states that the freight terminal Plaintiffs refer to is owned by International Freight Services, Inc., an independent subsidiary of USA Truck, Inc. [Dkt. No. 15 at 9 & Ex. A: Decl. Eric McConnell; Dkt. No. 17 at 2-3].

Under Texas law, once a defendant specifically denies the pleaded venue facts, the plaintiff must present *prima facie* proof by affidavit or other evidence that it has correctly laid venue in that county. TEX. R. CIV. P. 87(2)(a)-(b); *In re Missouri Pacific R.R. Co.*, 998 S.W.2d at 216-17 (citations omitted). Plaintiffs have provided no *prima facie* proof that venue is proper in Webb County. While there is no question that Defendant engages in interstate commerce transporting goods in Texas, Plaintiffs have not demonstrated that Defendant has a principal office in Webb County. *See Ford Motor Co. v. Miles*, 967 S.W.2d 377, 380-81 (Tex. 1998). Specifically, Plaintiffs have not shown that International Freight Services, Inc. or a representative has "the broad power and discretion to act" for USA Truck, Inc. *Id.* at 380 (citing *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 759 (Tex. 1993)). Moreover, just because a subsidiary of an out-of-state corporation has an office in the county does not mean that it is a "representative" or principal place of business for the corporation. *Id.* at 380-81 (citing *Milligan v. Southern Express, Inc.*, 250 S.W.2d 194, 197 (1952); *Atchison, Topeka & Santa Fe Ry. Co. v. Stevens*, 206 S.W. 921 (Tex.1918)).

The question here, thus, becomes what effect improper venue in state court has on an otherwise properly removed case in federal court today. Courts that have addressed this question look to *Seaboard Rice Milling Co. v. Chicago, R.I. & P. Ry. Co.*, 270 U.S. 363 (1926). In *Seaboard*, a case based on diversity jurisdiction, the Supreme Court described venue as a defendant's "personal privilege" to be asserted or waived if sued in an improper district.[3] *Id.* at 367. Specifically, the Supreme Court stated,

> Whether the suit [is] originally brought in the District Court or removed from a state court . . . the venue or local jurisdiction of the District Court over the person of the defendant is dependent in the one case as in the other upon the voluntary action of the non-resident defendant, being acquired in an original suit by his waiver of objection to the venue, and in a removed suit by his application for the removal to the District Court.

*Id.* Courts have read this dicta passage in conjunction with § 1441(a), which governs venue in a removed action,[4] to stand for the proposition that even if venue was improper in the state court where the action was filed originally, a defendant's voluntary application for removal to federal district court confers venue over the defendant. *Hollis v. Florida State Univ.*, 259 F.3d 1295, 1300 (11th Cir. 2005) ("For our purposes it is sufficient to recognize that, as a matter of law, § 1441(a) establishes federal venue in the district court where the state action was pending, and it is immaterial that venue was improper under state law when the action was originally filed."); *Serrano v. U.S. Fire Ins. Co.*, No. EP-00-CA-255, 2000 WL 33348220, *2 (W.D.Tex. Nov. 7, 2000) (stating "the Court is not convinced that challenges to venue in the underlying state cause of action can be preserved"); *Burlington Northern & Santa Fe Rwy. Co. v. Herzog Servs., Inc.*,

---

[3] The Supreme Court's opinion in *Seaboard* did not address venue or jurisdiction in a removed case. In *Seaboard*, Plaintiff filed a cause of action in the Eastern District of Missouri, a district where neither Plaintiff nor Defendant resided. 270 U.S. at 366. At the time of the *Seaboard* decision in the 1920s, venue in diversity cases was proper only in a federal judicial district where either party resided. *Id.* at 364. The Supreme Court affirmed a dismissal for want of jurisdiction because neither party resided where plaintiff had filed its case. *Id.* at 365.

[4] In removal actions the general venue provision codified at 28 U.S.C. § 1391 does not apply. *See Polizzi v. Cowles Magazine*, 345 U.S. 663, 665 (1953) ("The venue of removed actions is governed by 28 U.S.C. § 1441(a) . . ."). Section 1441(a) governs venue in a case removed from state court, including a case removed based on diversity jurisdiction. *Polizzi*, 345 U.S. at 665.

990 F.Supp. 503, 504 (N.D.Tex. 1998) ("Although the result may seem harsh, it is consistent with the teaching of the Supreme Court [in *Seaboard*] that a defendant who removes an action waives his objection to venue."); *Bacik v.* Peek, 888 F.Supp. 1405, 1413 (N.D.Ohio 1993); 2 FEDERAL CIVIL PROCEDURE BEFORE TRIAL: FIFTH CIR. ED. at 2:1049.2 (Rutter 2008). *But see PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*, 138 F.3d 65, 72-73 (2d Cir. 1998) (citations omitted) (relying on pre-§1441(f) derivative jurisdiction cases to find that "where a state court lacks jurisdiction of the subject matter or of the parties" the federal district court "acquires none on a removal of the case."). Indeed, section 1441(a) only requires that a case be removed to the "district court of the United States for the district and division embracing the place where such action is pending" for a federal court to obtain venue. 28 U.S.C. § 1441(a); *Polizzi*, 345 U.S. at 665.

  Here, Defendant USA Truck removed this case to the Laredo Division of the Southern District of Texas which "embraces" the state court where this case was originally filed. Thus, this Court has venue pursuant to § 1441(a). In other words, Defendant conferred venue on this Court by its voluntary act of removal. This Court finds that the fact that § 1441(a) establishes venue as a matter of law here precludes Defendant's instant Motion to Dismiss or Transfer Venue pursuant to § 1406(a) based on improper venue.[5] Defendant still can seek to transfer venue pursuant to 28 U.S.C. § 1404(a) and addresses this question below. *See* 14C C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3726 at 123 (3d ed. 2004) ("If a district court is the appropriate forum for venue purposes under Section 1441, then a subsequent

---

[5] This Court, however, is not willing to go as far as its sister courts in the Fifth Circuit and say that a defendant who removes a case to federal court "waives" any challenge to venue. *Burlington Northern,* 990 F.Supp. at 504; *see also Serrano*, 2000 WL 33348220, at *1. Section 1441(a) does not provide a removing defendant a choice of districts to which to remove, thus as the Eleventh Circuit has reasoned "it may not be entirely accurate to characterize removal as the voluntary relinquishment of a legal right." *Hollis*, 259 F.3d at 1300. However, the fact that § 1441(a) establishes federal venue in the district court where the state action was pending as a matter of law "it is immaterial that venue was improper under state law when the action was originally filed." *Id.*

transfer to another federal district court must be based upon Section 1404(a) rather than on Section 1406(a)"). Consequently, Defendant's Motion to Dismiss or Transfer Venue pursuant to 28 U.S.C. § 1406(a) is **DENIED**.

### B. Transfer under 28 U.S.C. § 1404(a)

Section 1404(a) of Title 28 of the United States Code permits the discretionary transfer of a case to another district if venue is proper in the court where the action is pending. Both Plaintiffs and Defendant have requested that the case be transferred pursuant to 28 U.S.C. § 1404(a): Plaintiffs to the 111th Judicial District Court of Webb County, Texas, [Dkt. No. 19] and Defendant to the Eastern District of Arkansas. [Dkt. No. 14]. Prior to these motions, the Court also had issued an Order to Show Cause why it should not transfer venue to the Eastern District of Arkansas, Little Rock. [Dkt. No. 13]. The Court believed that venue in Little Rock would better serve the interests of justice than Laredo, Texas. [*Id.*].

Section 1404(a) states that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district or division where it might have been brought." 28 U.S.C. § 1404(a); *see also In re Volkswagen AG*, 371 F.3d 201 (5th Cir. 2004) [hereinafter *In re Volkswagen I*]. Whether to transfer a case generally is committed to the sound discretion of the district court. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981) (citations omitted); *Peteet v. Down Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (citing *Marbury-Pattillo Constr. Co. v. Bayside Warehouse Co.*, 490 F.2d 155, 158 (5th Cir. 1974)). A district court can transfer venue *sua sponte* or upon motion of any party. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987) (citations omitted) (noting "[u]nder the transfer statute, a district court may transfer a case upon a motion or sua sponte"); *Jarvis Christian College v.*

*Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988) (upholding *sua sponte* transfer of venue by district court); 15 C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3844 (3d ed. 2004).

In deciding a §1404(a) motion, the first question a court must ask is "whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen II*, 545 F.3d at 312. A district court should only transfer an action to another venue where the action originally could have been brought. *Id.*; *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir.), *cert denied* 540 U.S. 1049 (2003); *see also* 28 U.S.C. § 1404(a). A federal district court is a forum where a suit originally could have been brought if both jurisdictional and venue requirements are fulfilled. *Van Dusen*, 376 U.S. at 621-22.

### 1. Proposed Transfer to the 111th Judicial District Court of Webb County, Texas

The Court cannot transfer this cause of action to the 111th Judicial District Court of Webb County, Texas pursuant to 28 U.S.C. § 1404(a) as Plaintiffs requests. Section 1404(a) only provides for the transfer of a case to another federal district court not to a state court. A Motion to Remand, rather than a Motion to Transfer Venue, is the proper vehicle for Plaintiffs to challenge subject matter jurisdiction and venue in federal court. Thus, the Court **DENIES** Plaintiffs' Motion for Transfer of Venue to the 111th Judicial District Court.

### 2. Proposed Transfer to Eastern District of Arkansas

Having established that it cannot transfer this case to state court, the Court turns to analyzing whether venue in the Southern District of Texas, Laredo Division or the Eastern District of Arkansas, Little Rock Division would best serve the interests of justice. Plaintiffs favor venue in the Laredo Division while Defendant favors venue in the Little Rock Division.

The Court does not address in detail here the first step in the § 1404(a) analysis—whether this case could have been filed in the Eastern District of Arkansas, Little Rock Division—because the Court has already tackled this question.  In its Order to Show Cause, the Court determined that the Little Rock Division has subject matter jurisdiction and venue over this cause of action.  [Dkt. No. 13].  The Little Rock Division has subject matter jurisdiction because there is diversity jurisdiction under 28 U.S.C. § 1332(a): there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332 (2006); *see also* Dkt. No. 12.  The Little Rock Division also has venue because the vehicular accident from which Plaintiffs' claims arise occurred within the parameters of the Little Rock Division.  28 U.S.C. § 1391(a)(2) (stating that a plaintiff may file suit in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .").

Instead, the Court focuses on weighing the private and public interests contemplated in § 1404(a) to determine whether a transfer should occur.  *See In re Volkswagen II*, 545 F.3d at 314; *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).  These private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen II*, 545 F.3d at 315 (quoting *In re Volkswagen I*, 371 F.3d at 203).  Public interest factors include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in adjudicating local disputes; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems in conflict of laws [or in] the application of foreign law."[6]  *Id.* (quoting *In re Volkswagen I*, 371 F.3d at 203).  These public

---

[6] The Fifth Circuit has adopted these public and private interest factors as appropriate for the determination of a 1404(a) venue transfer.  *Volkswagen II*, 545 F.3d at 315 (citing *Humble Oil*, 321 F.2d at 56).  These public and

and private factors are not necessarily exhaustive or exclusive and no single factor carries dispositive weight. *Id.* at 315 (citing *Action Indus., Inc. v. U.S. Fid & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)). In analyzing these factors, the Court looks particularly to Plaintiffs' and Defendant's responses to its Order to Show Cause why it should not transfer this case to the Little Rock Division.

The first private interest factor, relative ease of access to sources of proof, weighs in favor of transfer from this Court to the Little Rock Division. While the Court realizes that many of Plaintiffs long term medical records are in Texas and Mexico, [Dkt. No. 16 at 3], the first responder's records and many of the hospital treatment records from the accident are located in Benton, Arkansas. [*See* Dkt. No. 15, Ex. A: Decl. Eric McDonnel at ¶ 5]. Benton, Arkansas is where the Plaintiffs were treated immediately after the accident. Moreover, the site of the accident is in Benton, Arkansas, approximately 25 miles from the Little Rock Division's courthouse. Thus, a district court in the Little Rock Division would have easier access to the site of the accident than this Court which is more than 700 miles from Benton, Arkansas. Additionally, the investigation of the accident, having occurred in Benton, Arkansas, was conducted in Benton, Arkansas.

Plaintiffs counter that transferring this case to the Eastern District of Arkansas would be detrimental because "most of the documentary evidence would be difficult to transport." [Dkt. No. 16 at 3]. The only documentary evidence they identify are Plaintiffs' medical records, which they claim do not exist in electronic form. While electronic access may be more convenient, Plaintiffs have not shown that the records are so voluminous that simply copying them or even scanning them would be overly burdensome.

---

private interest factors were first announced in *Gilbert*, a *forum non conveniens* case. *See Gilbert*, 330 U.S. 501. However, the Fifth Circuit applies a different burden of proof to a §1404(a) motion than a *forum non conveniens* motion. *See Volkswagen II*, 545 F.3d at 315.

The next two private interest factors, the availability of process to secure witnesses' attendance and the cost of attendance for willing witnesses, indicate that the Little Rock Division would be a more convenient forum. Plaintiffs first note that it would be more difficult for them to attend a trial in Little Rock than Laredo. [Dkt No. 16, at 5, Ex. 1: Aff. Maria Lydia Robles, Ex. 2: Aff. Juan A. Martinez]. The Southern District of Texas, however, does not encompass their home. Moreover, while the location of party witnesses may factor into the transfer analysis, the convenience of non-party witnesses are accorded greater weight than party witnesses. *See State St. Capital Corp. v. Dente*, 855 F.Supp. 192, 198 (S.D.Tex. 1994) (citations omitted). Here, Plaintiffs have identified seven doctors who have provided medical care to the Plaintiffs, including Plaintiffs' primary physicians – Dr. David Dennis and Dr. Manuel Mondragon Richie. [Dkt. No. 16 at 5-6, & Ex. 3: Aff. Manuel Mondragon Ritchie, M.D.]. These doctors reside in or near Eagle Pass, Texas, San Antonio, Texas, or Piedras Negras, Mexico. [*Id.*]. Plaintiffs have also named Lupe Polendo, the custodian of records where Plaintiff Robles receives physical therapy in Eagle Pass, as a potential witness. [*Id.* at 5-6, & Ex. 4: Aff. Lupe Polendo]. There is no doubt that it would be more convenient for these witnesses if the case is tried in the Laredo Division, as Laredo is approximately 125 miles from Eagle Pass/Piedras Negras and 150 miles from San Antonio. But the police officer who investigated the accident, the medical technicians (EMT) who responded, and the doctors and nurses who provided medical care immediately after the accident work in Benton, Arkansas. [Dkt. No. 15, Ex. A: Decl. Eric McDonnell, at ¶ 5]. The manager of the Pilot Truck Stop where the accident occurred also works in Benton, Arkansas. These witnesses would be critical to determining causation and liability in this case as well as the injuries that Plaintiffs suffered directly from the accident. With these facts in mind, the Court turns to analyzing the availability of compulsory service to secure witnesses' attendance.

Federal Rule of Civil Procedure 45(b)(2) grants a district court the power to subpoena witnesses for trial, depositions, or hearings. FED. R. CIV. P. 45(b)(2). A district court's trial subpoena power, however, is subject to a motion to quash if it requires a non-party witness to travel more than 100 miles from where that person resides or works for trial. FED. R. CIV. P. 45(c)(3)(A)(ii). Based on the list of non-party witnesses the parties have provided, neither this Court nor the Little Rock Division enjoys absolute subpoena power over all of the witnesses. However, the parties and all of the identified witnesses live outside of the Southern District of Texas and more than 100 miles from this Court which sits in Laredo, Texas. Thus, any trial subpoena that this Court issued would be subject to a motion to quash. *See id; In re Volkswagen II*, 545 F.3d at 316. In comparison, the Eastern District of Arkansas, Little Rock Division has absolute subpoena power over the non-party witnesses who investigated and responded to the crash, and provided immediate care. As noted previously, these witnesses are critical to the determination of causation and damages in this case.

The third private interest factor is the cost of attendance for willing witnesses. In analyzing this factor, the Fifth Circuit has established a "100-mile threshold:" "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen I*, 371 F.3d at 204-05; *see also In re Volkswagen II*, 545 F.3d at 317. It is easier and more convenient for witnesses to testify at home because "additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these [] witnesses must be away from their regular employment." *In re Volkswagen II*, 545 F.3d at 317 (quoting *In re Volkswagen I*, 317 F.3d at 205). Thus, it would be

easier for the key witnesses – the policeman and EMTs who responded to the accident as well as the medical personnel who first provided care to testify in the Little Rock Division than in the Laredo Division. The Court realizes it will be difficult for Plaintiffs' primary doctors to travel to Little Rock. But at worst, Plaintiffs could use these doctors' videotaped deposition at trial. *See Symbol Tech., Inc. v. Metronomic Instruments, Inc.*, 450 F.Supp. 2d 676, 679 (E.D.Tex. 2006). The Court now turns to analyzing the public interest factors.

The first public interest factor, administrative difficulties flowing from court congestion, weighs slightly in favor of transfer. While this is a straightforward negligence case that does not present any particular difficulties, it will add to this Court's crowded docket placing a stress on judicial resources. The Court notes that the criminal docket in the Laredo Division is significantly higher than in the entire Eastern District of Arkansas. In the twelve-month period ending September 30, 2008, prosecutors filed an average of 68 criminal cases per judge in the Eastern District of Arkansas. In comparison, prosecutors filed in the month of September alone 120 criminal cases (or an average of 60 cases per judge) in the Laredo Division of the Southern District of Texas. Generally, criminal cases take precedence over civil cases. Thus, although the civil docket in the Eastern District of Arkansas may be larger, the size of this Division's criminal docket weighs slightly in favor of the transfer of this case.

The second public interest factor, the local interest in having localized interests decided at home, strongly favors venue in Little Rock. The collision that gave rise to this suit occurred in the Little Rock Division and the policeman and paramedics who responded to the accident live and work in the Little Rock Division. The Little Rock Division has an interest in ensuring the safety of its roads. Further, neither of the Plaintiffs live in the Southern District of Texas; they reside in the Western District of Texas. The only connection this case has to the Laredo Division

is that an independent subsidiary of Defendant USA Truck operates a terminal in Laredo, Texas—a tenuous connection at best.

Finally, the last two public interest factors, the familiarity of the forum with the law that will govern the case and the avoidance of unnecessary problems in conflict of laws weigh in favor of transfer to the Little Rock Division. Because this Court's jurisdiction is based on diversity of citizenship, the choice of law rules of Texas, the forum state, apply. *See Klaxon Co. v. Stenton Elec. Mfg. Co.*, 313 U.S. 487 (1941); *Duhon v. Union Pacific Resources Co.*, 43 F.3d 1011 (5th Cir. 1995). Under Texas choice of law rules, the law of the state with the most significant relationship to the controversy in a tort action governs. *Gutierrez v. Collins*, 583 S.W.2d 312, 318-19 (Tex. 1979) (adopting RESTATEMENT (SECOND) OF CONFLICTS, §§ 6, 145). Therefore, it is likely that Arkansas law will govern. The Eastern District of Arkansas, Little Rock Division will have more experience applying Arkansas law. This Court, in comparison, is not familiar with Arkansas law.

In summary, based on an analysis of the public and private factors contemplated in §1404(a), the Court has determined that all of these factors weigh in favor of venue in the Little Rock Division over the Laredo Division. It is clear that a transfer to the Little Rock Division is "for the convenience of the parties and witnesses and in the interest of justice." *In re Volkswagen II*, 545 F.3d at 315 (quoting 28 U.S.C. § 1404(a)). Therefore, the Court **ORDERS** the case transferred to the Little Rock Division of the Eastern District of Arkansas.

### III.   CONCLUSION

For the above stated reasons, the Court **DENIES** Defendant's Motion to Dismiss or Transfer Venue pursuant to §1406(a) and **DENIES** Plaintiffs' Motion to Transfer Venue pursuant to §1404(a). The Court **GRANTS** Defendant's Motion to Transfer Venue pursuant to

§1404(a). The Court **ORDERS** the above-styled cause of action transferred to the Eastern District of Arkansas, Little Rock Division.

IT IS SO ORDERED.

DONE this 12th day of March 2009, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**